# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| MATT SHIELDS, | ) | |
| | ) | Case No. 1:21-cv-298 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| SHERRIF OF POLK COUNTY, OFFICER | ) | |
| STEVE ROSS, NURSE, JOE SURBECK, | ) | |
| ADC DETENSION OFFICERS, ADC JAIL | ) | |
| ADMINISTRATION, SHERIFF'S OFFIC, | ) | |
| BENTON CITY GOVERNMENT, and | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner in the Polk County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging a denial of medical care (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 5). On December 21, 2022, the Court entered an order notifying Plaintiff that he had not filed a required document to proceed *in forma pauperis*, directing Plaintiff to show the Court's order to the custodian of trust accounts at the Polk County Jail, directing the custodian of trust accounts at the Polk County Jail to provide Plaintiff with the missing document, providing Plaintiff thirty (30) days to file the missing document, and notifying Plaintiff that failure to timely comply would result in the Court presuming that he is not a pauper, assessing the full amount of fees, and dismissing the case for want of prosecution. (Doc. 6, at 1–2.) However, more than two weeks ago, the United States Postal Service returned the Court's mail to Plaintiff containing this order as undeliverable with a notation indicating that Plaintiff is no longer at the last current address he provided to the Court. (Doc. 7, at 1.)

Since the return of this mail, Plaintiff has not notified the Court of any change in his address or otherwise communicated with the Court, despite the Clerk previously notifying him that he is required to notify her of any address change within fourteen days. (Doc. 3, at 1 (providing that pro se parties must file a notification of a change in address "within 14 days of the change of address," and that "failure . . . to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action").) Accordingly, for the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) will be **DENIED**, Plaintiff will be **ASSESSED** the $402 filing fee, and this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely file the required *in forma pauperis* document was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff did not receive the Court's order requiring him to file the relevant *in forma pauperis*

document because he failed to notify the Clerk of an address change withing fourteen days despite the Clerk notifying him of the requirement that he do so. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not been served. As to the third factor, as the Court noted above, the Court's order requiring Plaintiff to file the relevant *in forma pauperis* document warned him that failure to timely comply would result in dismissal of this action. (Doc. 6, at 1–2), and the Clerk previously notified Plaintiff that failure to respond to an order sent to the last address he provided the Court may result in dismissal of this action (Doc. 3, at 1). Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff seeks to proceed *in forma pauperis* herein and has failed to comply with the Court's clear instructions. Upon balancing, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order or providing the Clerk with his current address, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) will be **DENIED**, Plaintiff will be **ASSESSED** the filing fee of $402.00, and this action will be **DISMISSED**. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account

for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate trust accounts at the Polk County Jail and the Court's financial deputy. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
  s/ LeAnna R. Wilson
  CLERK OF COURT